# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRUSHAUN M. THOMAS,<br><br>Defendant. | Case No. 25-CR-201-JPS<br><br>**ORDER** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATERICA JOHNSON,<br><br>Defendant. | Case No. 26-CR-55-WED<br><br>**ORDER** |

On October 15, 2025, the Government brought an Indictment against Brushaun Thomas relating to wire fraud arising out of the COVID-19 pandemic. *United States v. Brushaun Thomas*, Case No. 25-CR-201 (E.D. Wis. 2025), ECF No. 1 (hereinafter the "Thomas Case"). As indicated by the case number, that case was assigned to this branch of the Court. *See generally id.*

On March 12, 2026, the Government filed a one-count information against Katerica Johnson ("Johnson"), alleging that she knowingly aided and abetted theft of property of the United States, that is, $700 in federal pandemic unemployment funds to which she was not entitled. *United States v. Katerica Johnson*, Case No. 26-CR-55 (E.D. Wis. 2026), ECF No. 1 (hereinafter the "Johnson Case"). That same day, Johnson entered into a plea agreement, indicating that she would plead guilty to Count One of the

Information. Johnson Case, ECF No. 3. Magistrate Judge Duffin was assigned to preside over the Johnson Case. Johnson Case, ECF No. 2.

The Government next filed a motion pursuant to Criminal Local Rule 13 to reassign the Johnson Case to this Court. Johnson Case, ECF No. 4; Thomas Case, ECF No. 22. According to a letter filed by Johnson's defense counsel, Johnson has no objection to having Judge Stadtmueller preside over Johnson's case.[1] Johnson Case, ECF No. 5. As relevant here, the Thomas case "involve[s] the same set of facts as the [Johnson] misdemeanor case." Johnson Case, ECF No. 4 at 1 ("Defendant Brushaun Thomas allegedly recruited ineligible persons to apply to the federal pandemic unemployment assistance program for benefits, and defendant Katerica Johnson allegedly used her authority as an agency employee to knowingly approve those fraudulent application"); Thomas Case, ECF No. 22 at 1 (same).

"A criminal case may be reassigned to another judge if . . . all defendants in each of the cases are the same, . . . both cases are pending in this District[,] . . . the handling of both cases by the same judge is likely to result in the overall saving of judicial resources[,] and . . . neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice." CRIM. L.R. 13(a). Such motions for reassignment "will be decided by the judge to whom the lowest numbered case of the claimed related set is assigned for trial or other disposition." CRIM. L.R. 13(b).

---

[1] Johnson's defense counsel incorrectly refers to the Government's motion as a motion to consolidate. However, the point of the letter is that Johnson has no issue in having Judge Stadtmueller preside over the case.

As a preliminary matter, the higher-numbered case is the one against Johnson in which Magistrate Judge Duffin is currently presiding, meaning that this Court will decide the matter. *See* Johnson Case. With that resolved, the Court finds that the above-stated criteria for reassignment are met here.

Although the defendants in the two cases are not the same, the cases are based on the same set of facts, events, or offenses. *Compare* Thomas Case, ECF No. 1 at 1–5 *with* Johnson Case, ECF No. 1 at 1. Moreover, both cases are pending in this District. Johnson's case is in a plea posture, rendering it unlikely that it will impact the trial scheduling order in the Thomas Case. *See* Johnson Case, ECF No. 3; Thomas Case, ECF No. 20. Thus, reassignment of the Johnson Case will not unduly delay proceedings and, in fact, will further the goal of efficient and consistent resolution of both matters.

For all these reasons, the Court will grant the parties' motion and order that the Clerk of Court reassign the Johnson Case to this Court.

Accordingly,

**IT IS ORDERED** that the Government's unopposed motion to reassign Case No. 26-CR-55 to Judge J.P. Stadtmueller, Case No. 25-CR-201, ECF No. 22 and Case No. 26-CR-55, ECF No. 4, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court take all steps necessary and appropriate to reassign Case No. 26-CR-55 to this branch of the Court for all future proceedings.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge